# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>MAUI INDUSTRIAL LOAN & FINANCE COMPANY,<br><br>      Debtor. | Case No. 10-00235<br>Chapter 7 |
| DANE S. FIELD,<br><br>      Plaintiff,<br><br>vs.<br><br>JEANETTE D. LEVIN, et al.,<br><br>      Defendants. | Adv. Pro. No. 11-90032<br><br><br><br><br>Re: Docket Nos. 5, 10 |

## MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S COUNTERMOTION FOR PARTIAL SUMMARY JUDGMENT

In this adversary proceeding, the chapter 7 trustee of a company that operated a Ponzi scheme seeks to recover money transferred to the defendants. On June 17, 2011, a hearing was held on the defendants' motion to dismiss and the plaintiff trustee's countermotion for partial summary judgment.

    1.    The complaint satisfies the particularity requirement of Fed. R. Civ. P. 9(b), Fed. R. Bankr. P. 7009. The complaint contains more information

than the rule drafters require.  See  Fed. R. Civ. P. 84 and Official Form 21.  The trustee's claims are "plausible" within the meaning of Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

    2. The trustee cannot avoid, under section 548 of the Bankruptcy Code, transfers made more than two years prior to the petition date.  As I held in Adv. No. 10-90126, dkt. no. 269, I find the analysis of In re Lyon, 360 B.R. 749, 750 (Bankr. E.D. N.C. 2007), more persuasive than that of In re Stanwick Financial Services Corp., 291 B.R. 25, 28 (Bankr. D. Conn. 2003).  The two year period is a substantive element of the trustee's claim, not a statute of limitations.  Even if the two year period were analogous to a statute of limitations, the equitable tolling doctrine is really a rule of statutory interpretation:

> It is hornbook law that limitations periods are "customarily subject to 'equitable tolling,'" *unless tolling would be "inconsistent with the text of the relevant statute*." Congress must be presumed to draft limitations periods in light of this background principle. That is doubly true when it is enacting limitations periods to be applied by bankruptcy courts, which are courts of equity and "appl[y] the principles and rules of equity jurisprudence."

Young v. United States, 535 U.S. 43, 49-50 (2002) (citations omitted, emphasis added).  Congress wrote the two year period as a fixed period.  The text does not support an inference that Congress intended to permit discretionary extension of the time period.

U.S. Bankruptcy Court - Hawaii   #11-90032   Dkt # 33   Filed  06/29/11   Page 2 of 9

3. The trustee also seeks to avoid the transfers under section 544(b) of the Bankruptcy Code and Hawaii's Uniform Fraudulent Transfers Act, Haw. Rev. Stat. ch. 651C. The defendants argue that the trustee's action is untimely under Haw. Rev. Stat. § 651C-9(1), because a reasonably diligent creditor would have discovered the transfers either: (1) when RNI-NV Limited Partnership ("RNI") commenced a lawsuit alleging fraud against Lloyd Kimura and the debtor Maui Industrial Loan & Finance Co. ("Maui Industrial") on January 20, 2009, or (2) when the State of Hawaii entered a cease and desist order against Maui Industrial on October 19, 2009.

    a. Section 544(b) of the Bankruptcy Code puts the trustee in the shoes of each individual creditor who could have avoided the transfers under state law. Therefore, the limitations period for the trustee begins to run when the <u>last</u> creditor could reasonably have discovered the fraudulent nature of a particular transfer. <u>Picard v. Chais</u> (<u>In re Madoff</u>), 445 B.R. 206, 220 (Bankr. S.D. N.Y. 2011); <u>In re G-I Holdings</u>, 313 B.R. 612, 639 (Bankr. D. N.J. 2004).

    b. There are at least three genuine issues of fact concerning whether the RNI complaint establishes the relevant discovery date.

        i. First, the limited record does not permit me to determine whether a reasonably diligent creditor would conduct a full litigation search.

3

U.S. Bankruptcy Court - Hawaii    #11-90032    Dkt # 33    Filed 06/29/11    Page 3 of 9

ii. Second, assuming that a reasonably diligent creditor would have conducted such a search, there is a question of fact regarding how quickly such a creditor would have discovered the lawsuit after it was filed. For the reasons explained below, if the limitations period began to run within one year of the bankruptcy filing, the complaint is timely. The RNI complaint was filed one year and nine days before the bankruptcy filing. Therefore, if the RNI complaint is the triggering event for the limitations period and a reasonably diligent creditor would not have discovered the RNI complaint for at least nine days after it was filed, the trustee's action may be timely.

iii. Third, there is a question of whether the RNI lawsuit would put creditors on notice that Maui Industrial was operating a Ponzi scheme. RNI's complaint alleges that Maui Industrial's principal, Lloyd Kimura, fraudulently pledged the same stock in Maui Industrial to two different creditors. This allegation of a particular kind of wrongdoing by Kimura does not necessarily imply that Maui Industrial was running a Ponzi scheme.

c. There are genuine issues of material fact concerning when the transfers or their fraudulent nature were or could reasonably have been discovered. Therefore, the motions to dismiss and the countermotions for summary judgment are denied on the issue of timeliness of the trustee's state law claims.

4

d. The defendants also contend that the entry of the cease and desist order, on October 19, 2009, would have informed any reasonable creditor of Maui Industrial's fraud. If this is the correct triggering event, the trustee's action is timely.

i. Maui Industrial filed for bankruptcy on January 28, 2010. The filing of a voluntary bankruptcy petition tolls any period within which the debtor may commence an action (that has not expired before the date of the petition) for up to 2 years. 11 U.S.C. § 108(a). The trustee commenced this adversary proceeding on April 11, 2011, within two years of the bankruptcy petition. Therefore, if the entry of the cease and desist order is the triggering date, the action would be timely.

ii. The defendants argue that In re Slatkin, 222 Fed. Appx. 545, 2007 U.S. App. LEXIS 1308 (9th Cir. Jan. 16, 2007) (unpublished), holds that the limitations period ends on the date of the complaint, rather than the date of the bankruptcy filing. I do not find this argument persuasive for two reasons. First, the Ninth Circuit's published decision in Acequia, Inc., v. Haley (In re Acequia, Inc.), 34 F.3d 800, 807 (9th Cir. 1994), recognizes that the trustee can assert avoidance claims under section 544(b) that were still timely when the bankruptcy petition was filed. The cited Slatkin decision was not selected for

5

U.S. Bankruptcy Court - Hawaii   #11-90032   Dkt # 33   Filed  06/29/11   Page 5 of 9

publication and is not binding precedent.  See 9th Cir. R. 36-3.  Second, in Slatkin the trustee filed his complaint within the applicable limitations period without regard to section 108.  The court therefore did not need to consider or analyze section 108.

    4.    The defendants contend they have four valid defenses which justify dismissal of the complaint: (1) not every transfer in Maui Industrial's business was infected with fraud; (2) the defendants have a restitution claim; (3) the transfers to the defendants were on account of the restitution claim, an antecedent debt, and payment on account of that debt constitutes value; and (4) the defendants are entitled to reasonable interest on their loans to Maui Industrial.  I do not believe any of these defenses support dismissal of the complaint.

    a.    The first defense fails to consider In re Slatkin, 525 F.3d 804 (9th Cir. 2008), which holds that all transfers made by a debtor conducting a Ponzi scheme are made with the intent to defraud.  Id. at 814.  The defendants also argue that the transfers were made in the ordinary course of business and, therefore, were not fraudulent under the Hawaii Uniform Fraudulent Transfer Act.  The Hawaii Uniform Fraudulent Transfer Act does not provide an express exception for transfers made in the ordinary course of business.  The "ordinariness" of the transactions may, however, be probative of the transferee's good faith under Haw.

6

Rev. Stat. § 651C-8(a). The existing record is sufficient to establish the defendants' good faith or the lack thereof.

      b.     The second, third, and fourth defenses essentially raise questions of equivalent value, the second element of the defense under Haw. Rev. Stat. § 651C-8(a). To successfully assert this defense, the defendant must also prove good faith, and there are genuine issues of material fact on that point. Further, even if the transferee gave value in good faith, the trustee may recover any transfers that exceed the amount of value given. Because the complaint alleges that Maui Industrial transferred to the defendants more than three times as much as the defendants transferred to Maui Industrial, this contention does not warrant dismissal.

    5.     Under In re Slatkin, 525 F.3d at 814, Lloyd Kimura's plea agreement conclusively establishes that the debtor operated a Ponzi scheme from 1986 - 2010 and that during that time all transfers were made with the actual intent to hinder, delay, and defraud creditors. Slatkin expressly holds that "a debtor's admission, through guilty pleas and a plea agreement admissible under the Federal Rules of Evidence, that he operated a Ponzi scheme with the actual intent to defraud his creditors conclusively establishes the debtor's fraudulent intent under [section 548(a)(1)(A) and California's UFTA], and precludes relitigation of that issue." In

U.S. Bankruptcy Court - Hawaii   #11-90032   Dkt # 33   Filed  06/29/11   Page 7 of 9

re Slatkin, 525 F.3d at 814. Further, transfers made pursuant to a Ponzi scheme generally establish that the operator was insolvent. Donell v. Kowell, 533 F.3d 762, 770 (9th Cir. 2008).

6. The trustee's countermotion includes a request for a determination that the defendants are the initial transferees of $1,104,785.84. The trustee offers copies of checks payable to "Jeanette D. Levin, Trustee," or "Jeanette D. Levin, Tr." The defendants are Jeanette D. Levin, apparently in her individual capacity, and Citigroup Trust – Delaware N.A., as trustee of a family trust. The trustee does not explain why the named defendants are the initial transferees of these particular checks. Until the trustee provides a satisfactory explanation, I cannot grant partial summary judgment on this issue.

\* \* \*

The defendants' motion to dismiss is granted as to count 1, and denied as to all other counts.

The trustee's countermotion for partial summary judgment is granted to the following extent:

1. The one year period under Haw. Rev. Stat. § 651C-9(1) begins to run when the last reasonably diligent creditor would have discovered the fraudulent nature of Maui Industrial's transfers to the defendants and ends on the date of

U.S. Bankruptcy Court - Hawaii   #11-90032   Dkt # 33   Filed  06/29/11   Page 8 of 9

Maui Industrial's bankruptcy petition (because the trustee filed the complaint within two years after the bankruptcy petition); and

2. When Maui Industrial made the transfers to the defendants, Maui Industrial had the intent to hinder, delay, and defraud creditors, and was insolvent.

The countermotion for summary judgment is denied in all other respects.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 06/29/2011

9